AUGUSTUS M. HERRINGTON, Appellant, v. THOMAS POULEY, Appellee.

APPEAL FROM KANE.

*If the court inquires of counsel if he desires to address the jury, and counsel replies that he only wishes for time to prepare instructions, which is granted, and the instructions are refused, it is discretionary with the court, whether the counsel afterwards shall or not address the jury.*

*If A owes B money, and leaves a note with B, authorizing him to borrow such amount of money as he should please, at such rates of interest as B might agree to give for the money borrowed, it is a valid agreement, and A can only recover from B, on the note left with him, the difference between what A owes B, and the interest B has paid, (being twenty-five per cent.), and the amount of the note.*

THIS was an action of assumpsit; damages, one thousand dollars.

Defendant filed the plea of non-assumpsit to said declaration at the May term of said court, and a jury was impanneled to try the issue in said cause.

The substance of the testimony is stated in the opinion of the court.

The plaintiff's attorney addressed the jury. The court inquired of the defendant if he desired to address the jury. The defendant replied in substance, that the case would be closed if the court would suspend long enough to enable him to draw an instruction or two. The court accordingly suspended proceedings for that purpose. At the expiration of about twenty minutes, the defendant handed to the court the following instructions:

If the jury believe, from the evidence, that the plaintiff, Pouley, caused the $709 note to be placed in the possession of the defendant, Herrington, to secure the sum of $500, then due said Herrington, and that said Herrington had the authority, under the agreement made at the time of leaving said note with him, to borrow money upon said note, and that he did borrow money upon said note at the rate of 25 per cent., that the same was to be deducted out of said $709, and that Pouley accepted from Herrington the order in question for the balance, and presented the same for payment and would not receive the balance, then the law is, he cannot recover in this action.

If the jury believe, from the evidence, that Pouley accepted from Herrington the order in question, in order to draw the balance, his due upon said note, and that he presented the same for payment, and that payment was then offered and Pouley refused to accept the same, he cannot recover in this action.

Which, after examination, the court marked "refused," and directed the jury to retire to consider of their verdict. There-

upon the defendant asked leave to address the jury, which the court refused, to which decision and ruling of the court the defendant at the time excepted.

The jury afterwards came into court with the following verdict:

" We, the jury, find the issues joined in favor of the plaintiff, and assess his damages at $293.96. The defendant then moved the court for a new trial, which motion the court refused ; to which ruling of th court in refusing the motion for a new trial, the defendant excepted. There was judgment on this verdict.

The errors assigned are, that the court erred in admitting the note described in the first two counts, to go to the jury as evidence ; in allowing incompetent and unlawful evidence to be given to the jury ; in refusing to permit the defendant to address the jury ; in refusing to allow the defendant to give proper and lawful evidence to the jury ; in refusing to give the instructions asked for on the part of defendant ; in giving plaintiff's instructions ; and in overruling defendant's motion for a new trial.

T. L. DICKEY, for Appellant.

J. H. MAYBORN, for Appellee.

BREESE, J. As we make out the case in this record, it was an action of assumpsit, brought by the appellee against the appellant, to recover the proceeds of a certain note for seven hundred and nine dollars, on one Ottowa, left with him by the appellee, out of which the appellant was to reimburse himself about five hundred dollars, which appellee owed him.

On this trial, the defendant objected to reading the note in evidence, without alleging any reason for the objection. As the note was not the gravamen of the action, but in amount only, it could be read under either of the counts in the declaration, and so the court decided, and this is the first ground of error assigned.

The second is, that the court denied him the privilege of addressing the jury. The record shows, on being asked by the court if he wished to address the jury, he replied, that he wished only time to draw up one or two instructions. This the court granted, and when the instructions were presented to the court, they were refused, and the jury was directed to retire. Thereupon the defendant asked leave to address the jury, which the court refused. Matters of this sort, so much discretionary with the court, under such circumstances as are here shown, cannot be assigned as error.

As to the refusal of the court to allow the defendant to introduce evidence competent to the issue, we cannot find it in the record. All that the defendant offered, which was the order on West in favor of the plaintiff, appears to have been read to the jury.

In regard to the instructions. The first instruction asked by the defendant, assumes that he had the authority, by an agreement with the plaintiff, whilst he was the defendant's debtor, to borrow such amount of money as he pleased on the Ottowa note, at such rate of interest as he might agree to give, and charge it to the plaintiff. The facts show that the defendant at several times borrowed money of West, Dearborn, Moore & Co., at twenty-five per cent. interest, giving his own notes, and leaving with them, this note on Ottowa, as collateral security. He had borrowed, at different times, five hundred and fifty-six dollars of this banking house, the first amount of two hundred dollars, having been borrowed June 27, 1857; the second, July 21, 1857, for fifty dollars; the third, August 3, 1857, for one hundred and six dollars, and the fourth note, August 13, 1857, for two hundred dollars; making in all, five hundred and fifty-six dollars, on usual bank time, at the rate of twenty-five per cent. per annum, which were the current rates as it appears at that time. Moore, one of the partners in the banking house, states, that the plaintiff and his wife, both told him that they owed the defendant five hundred dollars, and that they had let him have this Ottowa note to secure him, with the understanding that in case defendant wished to use money and had to borrow, they would allow him whatever interest he had to pay, and that after reimbursing himself the five hundred dollars and such interest as he should have to pay, the balance of the note was to be paid to plaintiff. He says he cast up the amount due the house on the defendant's notes, and interest, and gave a writing stating the amount to the plaintiff, which he took, and went away—and returned the same day with an order from the defendant for this balance. This balance the bank offered to pay, but the plaintiff refused to accept it, and went away.

Now the defendant was, most clearly, entitled to the full benefit of this contract with the plaintiff, to charge the interest to him, on such money as he had to borrow, and for which he had left that note, as collateral to his own, and the court should have given the first instruction to the jury. The order alluded to by this witness, is as follows:

W. B. WEST, ESQ. :

I left with you, as collateral security, a note of seven hundred and nine dollars, against Horace Ottoway, date Sept. 29, 1855, payable to Thomas Pouley; said

note was due Sept. 29, 1858 ; after deducting the full amount now due on said note, you will please pay the balance to Thomas Pouley, and this shall be your receipt for the same.

A. M. HERRINGTON.

*Geneva, September* 28, 1858.

The second instruction assumes that the balance ascertained by Mr. Moore's computation, for which the above order was given, was all that was due the plaintiff—the words are, "his due upon said note"—whereas the balance might not have been properly calculated. The instruction should have read "such balance as was due upon said note," leaving it an open question how much was due. The evidence seems to show, that it was the understanding of these parties, that the defendant should charge against this note the interest he was required to pay for such money as he was obliged to borrow on his own paper.

This he does not appear to have had the benefit of, which doubtless, he would have obtained, had the court given the first instruction. By one calculation, if the interest at twenty-five per cent., which the defendant paid for the money he borrowed, had been allowed by the jury, the verdict against the defendant could not have exceeded one hundred and sixty dollars. The plaintiff said about two hundred dollars was due him. The case ought to go before another jury, and for that purpose, and for the refusal to give the first instruction, the judgment is reversed, and the cause remanded.

*Judgment reversed.*